## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LEONEL & NOEL CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 CV 5556 |
| | ) | |
| CENTRAL BEER IMPORT & | ) | |
| EXPORT, INC. and G. K. SKAGGS, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT G. K. SKAGGS, INC.'S RULE 50(a) MOTION FOR
## JUDGMENT AS A MATTER OF LAW ON COUNT VIII

Defendant, G. K. Skaggs, Inc. ("GKS"), pursuant to Rule 50(a) of the Federal Rules of

Civil Procedure, hereby moves for judgment as a matter of law in its favor and against Plaintiff,

Leonel & Noel Corp. ("Tikal"), with regard to that portion of Count VIII of the Second

Amended Complaint which alleges tortious interference with contract, and in support thereof

states as follows.

### I.    RULE 50(a) STANDARDS

Judgment as a matter of law is appropriate if there is no legally sufficient evidentiary

basis for a rational jury to find for the plaintiff. Hendrickson v. Cooper, 589 F.3d 887, 889 (7th

Cir. 2009); Wallace v. McGlothan, 606 F.3d 410, 418 (7th Cir. 2010). When the evidence,

viewed most favorably to the plaintiff and without evaluating the credibility of witnesses,

provides no reasonable basis for a jury to find in favor of the plaintiff, judgment should be

entered in favor of the defendants as a matter of law. See, e.g., Walker v. Board of Regents of

the Univ. of Wis. Sys., 410 F.3d 387, 393 (7th Cir. 2005).

In light of these standards, the evidence summarized below and the governing legal authorities, the Rule 50(a) motion of GKS with regard to the tortious interference with contract claim in Count VIII should be granted.

## II.     ELEMENTS OF TORTIOUS INTERFERENCE WITH CONTRACT

In order to prevail against GKS on its theory of tortious interference with contract, Tikal must prove the following by the preponderance of the evidence:

1.     The existence of a valid and enforceable contract between Tikal and Central Beer;

2.     GKS's awareness of that contract;

3.     GKS's intentional and unjustified inducement of a contractual breach, which, in fact, caused a subsequent breach of contract;

4.     An actual breach of the contract by Central Beer, which was directly caused by wrongful conduct by GKS; and

5.     Ascertainable damages sustained by Tikal as a direct and proximate result of the alleged interference by GKS.

See, Abart Electric Supply, Inc. v. Emerson Electric Co., 956 F.2d 1399, 1404 (7th Cir. 1992).

With regard to element No. 3 above, factors to consider in determining whether or not conduct is unjustifiable include: the nature of the actor's conduct; the actor's motive; the interests of the other with which the actor's conduct interferes; the interests sought to be advanced by the actor; the social interests in protecting the freedom of action of the actor and the contractual interest of the other; the proximity or remoteness of the actor's conduct to the interference; and the relations between the parties. Jam Sports and Entertainment, LLC v. Paradama Productions, Inc., 360 F.Supp.2d 905 (N. D. Ill. 2005).

A party cannot tortiously interfere with its own contract, <u>Bass v. SMG, Inc.</u>, 765 N.E.2d 1079, 1089 (1st Dist. 2002), and a party cannot be found liable for tortious interference based upon its conduct to protect its own business interests. <u>Hanzel Constuction, Inc. v. Wehde & Southwick, Inc.</u>, 474 N.E.2d 38, 43 (2nd Dist. 1985). In addition, if Central Beer did not want to continue its existing business relationship with Tikal, then GKS may not be held liable for tortious interference. <u>Metro Premium Wines, Inc. v. Winebow, Inc.</u>, 2011 WL 2909367 (N.D. Ill. July 18, 2011).

The applicable statute of limitations for a claim of tortious interference with contract is five years pursuant to 735 ILCS 5/13-205. <u>Poulos v. Lutheran Social Services of Illinois, Inc.</u>, 728 N.E.2d 547, 559 (1st Dist. 2000).

## III.    SUMMARY OF EVIDENCE PRESENTED AT TRIAL

With regard to the statute of limitations issue, there is no dispute that the Sale and Distribution Agreement between GKS and Central Beer is dated August 1, 2003, and that Tikal knew of that agreement immediately after its execution. This lawsuit was filed on September 29, 2008 – more than five years later. Therefore, this claim is time-barred.

With regard to the basic elements that Tikal needed to prove, the evidence at trial proved as follows:

--    Central Beer sought out GKS to enter into the Sale and Distribution Agreement between those parties so that GKS could assist Central Beer with the development of the distribution of the CCA brands in 13 states.

--    There is no evidence that GKS knew of the existence of the business arrangement between Tikal and Central Beer, the contract which is the subject of the tortious interference

claim. From GKS's perspective, the negotiation and signing of the Sale and Distribution Agreement was unrelated to Tikal's prior business arrangement.

    -- GKS did not intentionally and without justification cause a breach of any agreement between Tikal and Central Beer.

    -- There was not a breach by Central Beer of any contract with Tikal directly caused by any wrongful conduct of GKS.

    -- GKS at all times was acting to protect its own business interests.

    -- Tikal did not sustain any provable, ascertainable or actual damages as a direct and proximate result of any alleged interference by GKS.

## IV.    ARGUMENT: THE MOTION SHOULD BE GRANTED.

Central Beer possessed the right under BIFDA to appoint GKS as a Master Distributor, and also possessed the right to attempt to improve its business model. Central Beer also had the right to sell the CCA brands to someone other than Tikal, but that did not happen; the only thing that changed was that Tikal purchased beer from GKS, rather than Central, which was not a material change. The negotiations of the new agreements were handled by Central Beer, and Tikal at all times was represented by counsel, who made demands which were met and accepted in the January, 2004 agreements. GKS acted at all times to protect and advance its legitimate business interests.

Tikal has concluded the presentation of its evidence and has not proved its claim of tortious interference with contract against GKS, including the failure to prove damages attributable to GKS. The relevant evidence is undisputed and is not in conflict, and the facts offered by Tikal and received into evidence, in light of the legal authorities summarized above,

do not entitle it to recover as a matter of law.  Accordingly, GKS's Rule 50(a) motion with regard to Count VIII should be granted.

**G. K. SKAGGS, INC.**

By:  /s/ Dennis C. Waldon
One of Its Attorneys

Dennis C. Waldon (ARDC # 2920301)
LAVIN & WALDON, P.C.
444 North Michigan Avenue, Suite 2600
Chicago, Illinois 60601
(312) 670-4260

Michael A. Moses (ARDC # 1973800)
SIEGEL MOSES & SCHOENSTADT, P.C.
444 North Michigan Avenue, Suite 2600
Chicago, Illinois 60611
(312) 658-2000

## CERTIFICATE OF SERVICE

Dennis C. Waldon, an attorney, hereby certifies that on August 15, 2011, the foregoing Defendant G. K. Skaggs, Inc.'s Rule 50(a) Motion for Judgment as a Matter of Law on Count VIII was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following persons:

David B. Goodman, Esq.
Shaw Gussis Fishman
Glantz Wolfson & Towbin LLC
321 North Clark Street
Suite 800
Chicago, Illinois 60654

Manuel Sanchez
Paige C. Donaldson
Sanchez Daniels & Hoffman LLP
333 West Wacker Drive
Suite 500
Chicago, Illinois 60606

Marc N. Blumenthal, Esq.
Law Office of Marc N. Blumenthal
19 South LaSalle Street
Suite 1500
Chicago, Illinois 60603

/s/Dennis C. Waldon