IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEONEL & NOEL CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 CV 5556 |
| | ) | |
| CENTRAL BEER IMPORT & EXPORT, INC. and G. K. SKAGGS, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT G. K. SKAGGS, INC.'S RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW ON COUNT II**

Defendant, G. K. Skaggs, Inc. ("GKS"), pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, hereby moves for judgment as a matter of law in its favor and against Plaintiff, Leonel & Noel Corp. ("Tikal"), with regard to the BIFDA claim in Count II of the Second Amended Complaint, and in support thereof state as follows.

I. **RULE 50(a) STANDARDS**

Judgment as a matter of law is appropriate if there is no legally sufficient evidentiary basis for a rational jury to find for the plaintiff. Hendrickson v. Cooper, 589 F.3d 887, 889 (7th Cir. 2009); Wallace v. McGlothan, 606 F.3d 410, 418 (7th Cir. 2010). When the evidence, viewed most favorably to the plaintiff and without evaluating the credibility of witnesses, provides no reasonable basis for a jury to find in favor of the plaintiff, judgment should be entered in favor of the defendants as a matter of law. See, e.g., Walker v. Board of Regents of the Univ. of Wis. Sys., 410 F.3d 387, 393 (7th Cir. 2005).

In light of these standards, the evidence summarized below and the governing legal authorities, the Rule 50(a) motion of GKS with regard to Count II should be granted.

## II. ELEMENTS OF PROOF REQUIRED

The violations of BIFDA alleged by Tikal are set forth in Section 3 (dealing with termination and notice of cancellation), Section 4 (dealing with cancellation) and Section 5 (dealing with prohibited conduct). 815 ILCS 720/3, 720/4 and 720/5.

In addition, at all relevant times, Tikal had a duty under Section 2(A)(ii) of BIFDA, 815, ILCS 720/2(A)(ii) to "devote reasonable efforts and resources to sales and distribution of all the brewer's products, which wholesaler has been granted the right to sell and distribute and maintain satisfactory sales levels."

Further, Section 5(4) of BIFDA, 815 ILCS 720/5(4), prohibits the sale of beer by a brewer to a wholesaler unless the wholesaler is provided with a written contract which embodies the brewer's agreement with its wholesaler and conforms to the provisions of BIFDA.

## III. SUMMARY OF EVIDENCE PRESENTED AT TRIAL

With regard to the elements of an alleged BIFDA violation that Tikal needed to prove, the evidence at trial, in summary, proved as follows:

-- Tikal never wanted to work with GKS, failed to cooperate with GKS, was antagonistic toward GKS, violated its duty owed to GKS to act in good faith, and attempted to get Central Beer to cancel its agreement with GKS.

-- Upon Tikal's signing of its agreement with GKS, which agreement was required by BIFDA, GKS immediately filled Tikal's pending order for the purchase of CCA beer.

-- Tikal never cooperated with GKS or agreed to participate in co-op or other marketing activities, refused to provide sales forecasts and reports, refused to discuss GKS's business objectives for the growth of the sale of the CCA brands in Illinois, and refused to disclose the identity of its distributors.

-- With regard to pricing, GKS performed in accordance with its agreement with Tikal; raised prices based upon increased costs incurred by GKS, which is common in the industry and was anticipated by Tikal; and charged Tikal lower prices than other distributors.

-- Tikal engaged in fraudulent conduct with regard to its reporting to GKS of its sales and inventory, and violated industry practices by selling stale beer.

-- Tikal only made sales in 4 of the 12 counties assigned to it in Illinois.

-- Tikal failed to make any purchases of CCA beer from GKS after June of 2005 and stopped selling CCA beer entirely after July of 2006, and thereby abandoned its agreement with GKS.

-- Tikal failed to devote reasonable efforts and resources to the sale and distribution of the CCA products which it had been granted the right to sell, and failed to distribute and maintain satisfactory sales levels.

-- GKS sent the termination notices required by BIFDA on December 29, 2005, May 26, 2006 and January 15, 2007; Tikal never cured the defaults set forth in those letters. GKS's notices satisfied Sections 3 and 4 of BIFDA.

-- GKS made good faith efforts to attempt to resolve the disagreements with Tikal.

-- GKS had good cause to terminate Tikal because Tikal failed to comply with essential and reasonable requirements under its agreement with GKS.

-- Tikal did not have a profitable business and did not sustain any damages recoverable under BIFDA proximately caused by any conduct of GKS.

## IV. ARGUMENT: THE MOTION SHOULD BE GRANTED.

The facts in this case closely mirror the facts in several cases decided under the Ohio Alcoholic Beverages Franchise Act, which also requires just cause for termination of a

distributor. O.R.C. 1333.84 and 85. These cases are instructive with regard to the facts and issues in this case. In Excello Wine Company v. Monsieur Henri Wines, Ltd., 474 F. Supp.203 (S. D. Ohio, 1979), the court found that there was good faith and just cause for the termination of the distributor when the distributor refused to discuss its business objectives, and acted in an antagonistic and truculent manner; the court held that the statute did not require business people "to act irrationally or counter to their best interest." 474 F.Supp. at 210. Similarly, a termination under the Ohio statute was upheld in Dayton Heidelberg Distributing Company, Inc. v. Vineyard Brands Incorporated, 2003 WL 22017542 (C.A.6 (Ohio)), where the court of appeals endorsed the standard articulated in the Excello case, supra; found a classic case of just cause to exist where the distributor's sales had declined; and also held that terminating a distributor for this economic reason constituted acting in good faith. 2003 WL 22017542 at *4. These same principles are applicable to the present case, where the same standards are applicable under BIFDA.

Tikal has concluded the presentation of its evidence and has not proved its claim of an alleged violation of BIFDA by GKS. The relevant evidence is undisputed and is not in conflict, and the facts offered and received in evidence by Tikal, in light of the legal authorities summarized above, do not entitle it to recover as a matter of law. Accordingly, GKS's Rule 50(a) motion with regard to Count II should be granted.

G. K. SKAGGS, INC.

By: /s/ Dennis C. Waldon
One of Its Attorneys

Dennis C. Waldon (ARDC # 2920301)
LAVIN & WALDON, P.C.
444 North Michigan Avenue, Suite 2600
Chicago, Illinois 60601
(312) 670-4260


Michael A. Moses (ARDC # 1973800)
SIEGEL MOSES & SCHOENSTADT, P.C.
444 North Michigan Avenue, Suite 2600
Chicago, Illinois 60611
(312) 658-2000

## CERTIFICATE OF SERVICE

  Dennis C. Waldon, an attorney, hereby certifies that on August 15, 2011, the foregoing Defendant G. K. Skaggs, Inc.'s Rule 50(a) Motion for Judgment as a Matter of Law on Count II was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following persons:

| | |
|---|---|
| David B. Goodman, Esq.<br>Shaw Gussis Fishman<br>Glantz Wolfson & Towbin LLC<br>321 North Clark Street<br>Suite 800<br>Chicago, Illinois 60654 | Manuel Sanchez<br>Paige C. Donaldson<br>Sanchez Daniels & Hoffman LLP<br>333 West Wacker Drive<br>Suite 500<br>Chicago, Illinois 60606 |

Marc N. Blumenthal, Esq.
Law Office of Marc N. Blumenthal
19 South LaSalle Street
Suite 1500
Chicago, Illinois 60603

                        /s/Dennis C. Waldon